UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIE RAY BOUNDS,

      Plaintiff,

v.                     Case No. 20-cv-646-pp

SCOTT PAUL,
and APRIL SCHULTZ,

      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

  Willie Ray Bounds, an inmate at Fox Lake Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed the complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow a prisoner plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On May 11, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $9.91. Dkt. No. 6. The court received that fee on June 2, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff alleges that on December 17, 2019, he spoke with defendant Sergeant Scott Paul about being transferred to, and working on, Unit 3. Dkt. No. 1 at 2. The plaintiff states that a job became available and Paul told the plaintiff that he would place the plaintiff on a list for the position. Id. According to the plaintiff, Paul violated his rights under "303 Statutes", as follows: "303.90 Administrative assignment or transfers, 303.20 endangering my safety, 303.21 Inciting a disturbance and 303.31 lying and along with this 303.04 conspiracy[.]" Id. The plaintiff alleges that defendant April Schultz, the security director, is a person of interest in the plaintiff's case because she violated "9.2

3

bunk area bed housing move according to the handbook by Marc Clemente 2012 former warden." Id. at 2-3.

The plaintiff alleges that on February 20, 2020, Paul told him that he could not be transferred to another unit at Fox Lake. Id. at 3. Paul also allegedly told "El Seaway," a Black inmate who wanted to be moved to Unit A of Housing Unit 3, that he could not be moved. Id. The plaintiff alleges that in late January 2020, Paul moved three other inmates (Brian Morris, Phillip Vaughn and Thomas R.) to Unit 3, two of whom are still there. Id. The plaintiff claims that Paul failed to uphold and honor "9.2 Housing of Bunk Area Bed Movement," which states that inmates should submit a request to be moved to another unit. Id. The plaintiff says that he followed all the steps in the handbook. Id. He states that Schultz did not follow the Rules of Room/Bunk/Housing Unit Assignments because, under the rules, single rooms will be assigned based on security or medical issues first, then by seniority within the housing wing and he was on the unit before inmate Brian Morris, who is a white male. Id. at 4.

For relief, the plaintiff wants the court to order Paul to take an ethnic diversity course on dealing with urban community Black people and he also requests that Paul be demoted. Id. at 7. The plaintiff also seeks compensatory damages for the false slander of his name, origin, race, color, creed, ancestry and background as a Black Hebrew man in racist Wisconsin. Id. He requests that Schultz be removed from her job or demoted and that she have training on environment urban diversity of Black people. Id. at 5.

4

C. <u>Analysis</u>

A violation of state laws or regulations is not a basis for a federal civil rights case. See <u>Williams v. Mierzejewski</u>, 401 F. App'x 142, 144 (7th Cir. 2010) (citing <u>Guajardo-Palma v. Martinson</u>, 622 F.3d 801, 806 (7th Cir. 2010); <u>Domka v. Portage Cty., Wis.</u>, 523 F.3d 776, 784 (7th Cir. 2008)). The court will not allow the plaintiff to proceed on his allegations that the defendants violated prison administrative rules when they did not transfer him to Unit 3.

However, construed liberally, the complaint alleges that the defendants discriminated against the plaintiff based on his race and religion when they did not transfer him to Unit 3. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." <u>Lisle v. Welborn</u>, 933 F.3d 705, 719 (7th Cir. 2019) (citing <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974)). To state such a claim, a prisoner must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor . . . " <u>Id.</u> at 719-20 (citing <u>Ortiz v. Werner Enterprises, Inc.</u>, 834 F.3d 760 (7th Cir. 2016)); <u>see also</u> <u>David K. v. Lane</u>, 839 F.2d 1265, 1271-72 (7th Cir. 1988) (collecting cases and noting that discrimination must be intentional, purposeful, or have a discriminatory motive). The court will allow the plaintiff to proceed on an equal protection claim based on his allegations that the defendants did not transfer him to Unit 3 because of his race and because he is "Hebrew."

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Scott Paul and April Schultz. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the $340.09 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his whereabouts may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner

7

Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 23rd day of July, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**