# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIE RAY BOUNDS,**

          **Plaintiff,**

**v.**                                                                        Case No. 20-CV-646

**SCOTT PAUL, et al.,**

          **Defendants.**

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Plaintiff Willie Ray Bounds, who is representing himself, is proceeding with a Fourteenth Amendment claim that defendants Scott Paul and April Schultz refused to transfer him to Unit 3 at the Fox Lake Correctional Institution on account of his race and/or religion. (ECF No. 7.) On November 12, 2020, the defendants moved for summary judgment based on Bounds' failure to exhaust administrative remedies prior to bringing this lawsuit. (ECF No. 15.) For the reasons stated below, the defendants' motion for summary judgment will be granted and case is dismissed.

### FACTS

*1. Preliminary Matters*

In this district, attorneys litigating against *pro se* parties must include with their motion for summary judgment a copy of relevant local rules explaining that the court would take uncontradicted facts as true for purposes of deciding the motion. *See* Civ. L. R. 56(a) (E.D. Wis.) The defendants followed the local rule in filing their motion for summary

judgment. (ECF No. 15.) The court then separately issued an order explicitly warning Bounds that his failure to respond to the defendants' proposed findings of fact would result in the court taking them as true for purposes of resolving the motion for summary judgment. (ECF No. 41.) Despite these warnings, Bounds did not respond to the defendants' proposed findings of fact. Instead, he filed two "declarations," which address some but not all of the defendants' relevant proposed findings of facts. (ECF Nos. 42-43.) As a result, the court must take most of the defendants' proposed findings of fact as true for purposes of this motion. *See* Civ. L. R. 56(b)(4). But because district courts are entitled to construe *pro se* submissions leniently and may construe the limited evidence on the record in light most favorable to the plaintiff, *see Grady v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016), the court will consider the information contained in Bounds' submissions where it is appropriate.

2. *The Grievance Process at Fox Lake Correctional Institution*

The Wisconsin Administrative Code Chapter DOC 310 contains the Inmate Complaint Review System (ICRS) for inmates housed at FLCI to exhaust their administrative remedies. (ECF No. 17, ¶¶ 4-5). "An inmate may use the ICRS to raise issues regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code § DOC 310.06(1). "Prior to filing a formal complaint, an inmate shall attempt to resolve the issue by following the designated process specific to the subject of the complaint." § DOC 310.07(1). Should informal resolution prove unsuccessful, an inmate then must "file a complaint within 14 days after the occurrence giving rise to the complaint." § DOC 310.07(2). Each complaint shall meet all of the following requirements:

(a) Be submitted on a complaint form provided by the department.

2

(b) Be legibly handwritten or typed.

(c) Be filed only under the name by which the inmate was committed to the department or the legal name granted by a court.

(d) Include the inmate's original signature.

(e) Not exceed 500 words total and not exceed two pages.

(f) Provide relevant supporting documentation, which may be accepted at the discretion of the ICE.

§ DOC 310.07(3).

"An inmate shall submit a signed complaint by placing it in a receptacle designated for complaints or by submitting it to the ICE office through institution or USPS mail." § DOC 310.07(8). The Institution Complaint Examiner (ICE) may "accept" the complaint, "return" the complaint with an opportunity to correct the issues that are noted, or "reject" the complaint for one of the ten listed reasons. § DOC 310.10(2). If an inmate complaint is "returned," inmates must be given one opportunity to correct and resubmit a corrected complaint. § DOC 310.10 (5). "The ICE shall grant 10 days for receipt of the corrected complaint." *Id.*

    3.  *Bounds' Underlying Allegations and Attempt to Exhaust his Administrative Remedies*

At all times relevant, Bounds was confined at Fox Lake Correctional Institution (FLCI). (ECF No. 1 at 1.) Paul was a sergeant at FLCI; Schultz was security director at FLCI. (*Id.*)

The incident giving rise to this lawsuit occurred on or around February 26, 2020. (ECF No. 42 at 1-2.) On March 20, 2020, Bounds submitted an Inmate Complaint Appeal form (DOC-405) to the ICE office alleging that he and Paul "did not see eye to eye

pertaining to the housing unit move policy," and alleging that he was not permitted to be moved because of his race and/or religion. (ECF No. 18-2 at 2-3.) ICE Laura Bartow sent Bounds a "return" letter on March 23, 2020 informing him that this document was not accepted as an "inmate complaint" because it was not submitted on the proper Inmate Complaint form (DOC-400) as required by § DOC 310.07(3)(a). (ECF No. 17, ¶¶ 3, 8; *see also* ECF No. 18-2 at 1.) Bartow advised Bounds to use the proper DOC-400 form to file an inmate complaint. (*See id*.) Later that same day, on March 23, 2020, Bartow sent Bounds a second "return" letter informing him that a different Inmate Complaint Appeal form he had recently filed with ICE also was not accepted because it was not submitted on the proper Inmate Complaint form as required § DOC 310.07(3)(a). (ECF No. 17, ¶10; *see also* ECF No. 18-3.) With the second return letter, she enclosed copies of the proper DOC-400 form.[1] (*See id*.)

Bounds did not resubmit a corrected inmate complaint within 10 days. (ECF No. 17, ¶¶ 7, 9, 12.) Instead, about a month later on April 22, 2020, Bounds again submitted another Inmate Complaint Appeal form (DOC-405) reiterating the same allegations from the first returned document. (ECF No. 17, ¶ 11; *see also* ECF No. 18-4.) In response, Bartow again sent Bounds a "return" letter informing him that his complaint was not accepted because it was not submitted on the proper complaint form. (*See id*.) This time, Bartow further advised Bounds that if he was attempting to file an appeal, he needed to mail the appeal to the address listed on the form. (*See id*.) Bounds properly submitted other inmate complaints

---

[1] The court notes that the Inmate Complaint form (DOC-400) differs from the Inmate Complaint Appeal form (DOC-405) in that the former asks the plaintiff to identify how and with whom he attempted to informally resolve the issue while the latter assumes that that step has been completed and only asks why the plaintiff disagrees with the ICE's decision.

(regarding different issues) on March 25, 2020 and April 20, 2020. (ECF No. 17, ¶ 13; *see also* ECF No. 18-1.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. A party cannot rely solely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

# ANALYSIS

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court, and it produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006)). The exhaustion rule also promotes efficiency, because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89.

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018). An inmate can show that a grievance process may be unavailable where "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use of the grievance process," but these are "only examples, not a closed list." *Id.* (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)).

The undisputed record establishes that Bounds did not resubmit a corrected inmate complaint within 10 days of Bartow's return letter; and therefore, the ICE office never filed, investigated, or had the opportunity to resolve the issues in this case. The Seventh Circuit requires strict compliance with an institution's grievance procedures, *see Dole*, 438 F.3d at 809; thus, Bounds was required to submit DOC-400 to initiate an inmate complaint. Indeed, DOC-400 included a section seeking information on informal resolution that DOC-405 did not contain, and that information is critical in investigating and resolving an inmate complaint because the ICRS requires inmates to attempt to informally resolve an issue prior to filing an inmate complaint. In other words, without information on how and with whom informal resolution occurred, ICE could not (and did not) investigate and resolve the issues on the merits. An inmate complaint that is not investigated and resolved on the merits is not properly exhausted. *Woodford,* 548 U.S. at 95 (explaining that "the benefits of exhaustion" can be realized only if the prison grievance system is given a fair opportunity to consider the grievance on the merits). Thus, Bounds failed to exhaust administrative remedies prior to bringing this lawsuit.

Bounds attempts to assert that the correct inmate complaint form was not "available" to him at that time because he "asked many other sgts…for help on ICE form [and] they stated that there was none around or available." (*See* ECF No. 42 at 3.) But Bartow states (and Bounds does not dispute) that she sent him copies of the proper documents with her second "return" letter on March 23, 2020. Bounds appears to admit in his opposition materials that he had at least "two ICE send" forms from Mrs. Laura Bartow from March and April. (*See* ECF No. 43 at 2.) The undisputed record further shows that Bounds was able to use those documents to properly file inmate complaints regarding different issues

7

around that same time period, on March 25, 2020 and April 20, 2020. (*See* ECF No. 18-1.) Bounds clearly understood Bartow's instructions in the "return" letters and properly filed inmate complaints with respect to his other claims, he simply did not do so with respect to *this* claim. Because Bounds failed to exhaust administrative remedies prior to bringing this lawsuit, the defendants are entitled to summary judgment and the case will be dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that that the defendants' motion for summary judgment on exhaustion grounds (ECF No. 15) is **GRANTED** and this case is **DISMISSED**. The clerk of court shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 16th day of August, 2021.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

9

Case 2:20-cv-00646-NJ   Filed 08/16/21   Page 9 of 9   Document 46